MARC J. RACHMAN (admitted *pro hac vice*) (mrachman@dglaw.com)
SHIRIN KEEN (pending admission *pro hac vice*) (skeen@dglaw.com)
DAVIS & GILBERT LLP
1740 Broadway
New York, NY 100219
Telephone:   (212) 468-4800
Facsimile:   (212) 468-4888

CHRISTOPHER T. HOLLAND (SBN 164053) (cholland@kksrr.com)
TRACY M. CLEMENTS (SBN 184150) (tclements@kksrr.com)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
555 Montgomery Street, 17th Floor
San Francisco, CA 94111
Telephone:   (415) 249-8330
Facsimile:   (415) 249-8333

Attorneys for Defendants
GAZILLION, INC. and NETDEVIL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CODEMASTERS SOFTWARE COMPANY LIMITED, a United Kingdom corporation,<br><br>Plaintiff,<br><br>v.<br><br>GAZILLION, INC., a Delaware corporation, NETDEVIL LIMITED, a Colorado corporation,<br><br>Defendants. | Case No.: CV 10 5429 (EMC)<br><br>**GAZILLION, INC.'S ANSWER** |

Defendant Gazillion, Inc. ("Gazillion" or "Defendant"), by its undersigned attorneys, answers the Complaint ("Complaint") filed by Plaintiff The Codemasters Software Company Limited ("Codemasters" or "Plaintiff") as follows:

## AS TO JURISDICTION AND VENUE

1. Admits that Plaintiff purports to invoke the jurisdiction of the Court as set forth in paragraph 1, but denies that Plaintiff has a basis for the relief it seeks.

2. Admits that Plaintiff purports to assert that venue is proper in this judicial district for the reasons set forth in paragraph 2, but denies that Plaintiff has a basis for the relief it seeks.

## AS TO THE PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Denies the allegations set forth in paragraph 4, except admits that Gazillion is a Delaware corporation, with its headquarters and principal place of business in San Mateo, California and that NetDevil Ltd. ("NetDevil") is a wholly owned subsidiary of Gazillion.

5. Denies the allegations set forth in paragraph 5, except admits that NetDevil is a Colorado corporation and that it developed the game "Jumpgate."

6. Denies the allegations set forth in paragraph 6, except admits that Gazillion is registered to do business in, and conducts business in, California, and that NetDevil operates Jumpgate.

## AS TO THE ALLEGED CLAIMS
### (Claim for Breach of Contract)

7. Denies the allegations contained in paragraph 7, and respectfully refers the Court to the referenced agreement and amendments for true and complete statements, or fair and accurate representations, of their contents.

8. Denies the allegations contained in paragraph 8, and respectfully refer the Court to the referenced agreement and amendments for true and complete statements, or fair and accurate representations, of their contents.

9. Denies the allegations set forth in paragraph 9, except admits that NetDevil is wholly owned by Gazillion.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11, and respectfully refers the Court to the referenced agreement and amendments for true and complete statements, or fair and accurate representations, of their contents.

12. Denies the allegations contained in paragraph 12.

13. Denies the allegations contained in paragraph 13, and respectfully refers the Court to the referenced agreement for true and complete statements, or fair and accurate representations, of their contents.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17 and each of its subparts.

18. Denies the allegations contained in paragraph 18.

**(Claim for Rescission)**

19. In response to paragraph 19, Gazillion repeats and realleges its responses to paragraphs 1 through 18 of the Complaint as if each were fully set forth herein.

20. Denies the allegations set forth in paragraph 20.

21. Denies the allegations set forth in paragraph 21.

22. Denies the allegations set forth in paragraph 22, except admits that Plaintiff purports to proceed as stated.

23. Denies the allegations set forth in paragraph 23, except admits that Plaintiff purports to proceed as stated.

**AFFIRMATIVE DEFENSES**

As separate and additional defenses, Gazillion alleges as follows, without admission that it carries the burden of proof or persuasion on any of the defenses set forth below:

///

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by Plaintiff's breaches of the Agreement.

**THIRD AFFIRMATIVE DEFENSE**

While denying all allegations of wrongdoing, fault and/or liability, Defendant states that any damages awarded to Plaintiff should be set off against the damages incurred by Defendant as a result of Plaintiff's wrongful conduct as set forth in NetDevil's Counterclaims.

**FOURTH AFFIRMATIVE DEFENSE**

Any damages alleged to have been incurred by Plaintiff were the result, in whole or in part, of Plaintiff's own actions or inactions, or of the actions of third parties, and not as a result of any conduct on the part of Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of modification, waiver and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Gazillion was not a party or successor to any agreement with Plaintiff.

Gazillion reserves the right to amend this Answer to raise and rely upon any additional defenses that become available or apparent during discovery.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Gazillion respectfully requests and prays as follows:

1. That Plaintiff take nothing by the Complaint;

2. That this action be dismissed with prejudice against Plaintiff;

3. That Gazillion recover its costs of suit, including reasonable attorneys' fees, as appropriate.

4. For such other and further relief as the Court deems just and proper.

Dated:  January 24, 2011                    KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP


By:  _____/s/_____
TRACY M. CLEMENTS
Attorneys for Defendants
Gazillion, Inc. and NetDevil Ltd.